UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:09-cv-05139-JHN-JCx | Date | June 14, 2010 |
|---|---|---|---|
| Title | Amrita Prasad v. Kuldip Sahota, aka Robin Sahota | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:** ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF JURISDICTION
(In Chambers)

This case was filed in District Court on July 15, 2009, on the basis of diversity jurisdiction under 28 U.S.C. § 1332 and an amount in controversy exceeding $75,000. Under Title 28 U.S.C. § 1332, the district court shall have original jurisdiction of all civil actions where the amount in controversy exceeds $75,000 and the matter is between "citizens of a State and citizens or subjects of a foreign state...." 28 U.S.C. § 1332(a)(2). However, "[f]or the purposes of this section [1332] . . ., an alien admitted to the United States for permanent residence *shall be deemed a citizen of the State in which such alien is domiciled*." 28 U.S.C. § 1332 (emphasis added.) The legislative history reveals that the purpose for this amendment by Congress was to eliminate mandatory federal jurisdiction in suits between a citizen of State A and an alien permanently residing in State A. *See Aria v. Tachibana*, 778 F.Supp. 1535, 1540 (D. Hawaii 1991) and 15 James Wm. Moore, *Moore's Federal Practice*, § 102.78 (3d ed. 2010).

The complaint in this case specifically alleges that Plaintiff moved to the United States with her family from the country of Fiji in 2000. The Complaint states that Plaintiff resided in Kern County, California, in 2003, when the alleged actions by Defendant that gave rise to this lawsuit took place. The Complaint also states that Defendant is a citizen of the State of California. Based on the face of the Complaint, it appears that there is no diversity among the parties since Plaintiff, by virtue of her domicile, and Defendant, are both citizens of the State of California.

Therefore, Plaintiff is **ordered to show cause, in writing** why this case should not be dismissed for lack of jurisdiction by **no later than June 25, 2010**. Failure to do so will result in dismissal of this action. The matter will stand submitted once the Court receives Plaintiff's Response, and a hearing will be set if deemed necessary by the Court.

It is further ordered that the status conference currently set on June 21, 2010, is **vacated.**

IT IS SO ORDERED.

|  | : | N/A |
|---|---|---|
|  | AM | |